## THE BALTIMORE AND OHIO RAIL ROAD COMPANY v. THE STATE OF MARYLAND, use of Jas. Smith.

### Decided December 3rd, 1868.

NEGLIGENCE CAUSING DEATH ; DAMAGES. COURT AND JURY. PRAYER.

Under the Code of Pub. Gen. Laws, persons and corporations are accountable for all damage occasioned by any neglect on their part, where the other party was not in fault and had not contributed to his own injury.  (a)                                        p. 464

Where it is the especial duty of the jury to weigh, consider and determine whether or not the party was injured through his own negligence, it is error in the court to encroach upon their province.  (aa)  p. 464

The plaintiff is not bound to prove gross carelessness on the part of

---

(a)  See Code of Pub. Gen. Laws, Art. 67, sec. 1, etc.

In such cases the damages to be recovered must be confined to the *pecuniary* loss sustained; *Baltimore and Reistertown Turnpike Co. v. State, use of Grimes,* 71 Md. 582; *Agricultural and Mechanical Association v. State, use of Carty, Ib.* 86; see also *B. & O. R. R. Co. v. Kelly,* 24 Md. 271-272, note (a); see also *Traction Co. v. Wallace,* 77 Md. 435; *People's Bank v. Morgolofski,* 75 Md. 433. As to the relation of the State, in suits under this Article to the " use of " the equitable plaintiff, see *Harvey v. B. & O. R. R. Co.,* 70 Md. 325. Suits under this Article of the Code can only be brought by the parties named therein; see *Ash v. B. & O. R. R. Co.,* 72 Md. 144. See *Deford v. State,* 30 Md. 179, note (f).

There can be no recovery under this Article, unless the party killed would have been entitled to recover damages, had he survived ; see *State v. Fox,* 79 Md. 522. As to the rights of adult children, see *B. & O. R. R. Co. v. State,* 60 Md. 468.

(aa)  See *B. & O. R. R. Co. v. Worthington,* 21 Md. 275, note (c).

the defendant or its agents; proof of the want of ordinary care is sufficient.  (*b*)                                                    p. 464

Appeal from the Superior Court of Baltimore City.

This was an action instituted by the appellee, in the Superior Court of Baltimore City, under Art. 65 of the Code of Pub. Gen. Laws, against the appellant, for the recovery of compensation for the killing of the wife of the *cestui que use.*  The appellee proved, by a competent witness, that the wife of the *cestui que use*, Mrs. Elizabeth Smith, on the 31st of August, 1861, was walking up Pratt street, on the north side, and a car, drawn by five horses, and driven by the appellant's agents, was proceeding in the same direction; that Mrs. Smith attempted to cross the street obliquely, and was knocked down by the leading horse and killed by the front wheels of the car passing over her neck.  There was considerable noise in the **461** street at the time.  The witness saw no \*effort made to stop the car, and heard no horn blown.  The horses were trotting.  There were generally a large number of persons on Pratt street at the time of the day that the accident happened.  The *cestui que use* proved that his wife was fifty-eight years of age, in good health, her eye-sight and hearing being good, and that she assisted him by attending to his stall in the market and by taking in washing.

The appellant proved, by the driver, that the car was loaded; that he was on the south side of the front corner of the car; the horses were walking; the first time he saw the woman she was lying on the track between the first and second horses from the car; there was a noise in the street; blew his horn to put down the brakes, and attempted to pull the woman out, but her clothes gave way and the car passed over her; the car passed the body ten feet before it was stopped; the noise in the street made it difficult to stop the car, but he stopped it as soon as he was able; the car belonged to the Philadelphia Rail Road Company, and had no platform; there was only a single rein to the leading horse, but did not have it in his hand.  The

(*b*)  There must be *some* reasonable evidence of well defined negligence, as the cause of the injury complained of; *B. & O. R. R. Co. v. State, use of Savington,* 71 Md. 599; *B. & P. R. R. Co. v. State, use of Abbott,* 75 Md. 156; *Brady v. Consolidated Gas Co.,* 85 Md. 641.

appellant also proved by the brakeman, that the brakes were not very good; that he was sitting on the top of the rear end of the car, with his hand on the wheel of the brake; a drayman first gave him notice of the accident; he could have stopped the car in one length of it, if the noise had not started the horses; it ran nearly two lengths of the car before it was stopped; the brakes on the Baltimore and Ohio Rail Road are better and easier to work than those on the Philadelphia and Wilmington Rail Road; it was not a No. 1 brake; if it had been, he could have stopped the car within eight or ten feet; heard no horn blown; did not see the woman until the cars had passed over her; could see the leading horse from where he was sitting.

The plaintiff offered two prayers, which the court (Martin, J.) granted, and which were not excepted to by the defendant; they are therefore omitted.

*The defendant offered four prayers, the first and **462** fourth of which the court granted, but rejected the second and third, which are as follows:

2. If the jury believe from the evidence that the wife of the plaintiff's *cestui que use* attempted to cross the street so close to the team drawing the car as to be knocked down by the leading one of five horses, then she was guilty of such a want of ordinary care as will prevent a recovery in this action.

3. That in order to enable the plaintiff to recover in this action, the conduct of the defendant or its agents must be shown to be so grossly careless as that the exercise of a proper and reasonable caution and prudence on the part of the wife of the plaintiff's *cestui que use* would not have prevented her from injury, and that the burden of proving such negligence is on the plaintiff.

To the rejection of its second and third prayers, the defendant excepted, and the verdict and judgment being for the plaintiff, the present appeal was taken.

The cause was argued before Bartol, C. J., Nelson, Stewart, Miller and Alvey, JJ.

*Ferdinand C. Latrobe,* for the appellant:

The refusal of the court to grant the second prayer of the

defendant was erroneous, because the fact of the deceased crossing the street so near to the horses of the car, if the jury should find that fact, was, in itself, such gross negligence, and so contributive to the injury complained of, that the court should have determined it as a question of law. *Dascomb v. R. R. Co.* 27 Barb. 221; *Cotton v. Wood,* 98 Eng. Com. Law, 568, 570; *R. R. Co. v. McClurg,* 56 Pa. St. 295.

The defendant's third prayer required the plaintiff to prove that the accident was the result of such gross carelessness on **463** *the part of the defendant's agents, that the exercise of proper and reasonable caution and prudence on the part of the deceased could not have prevented it.   In other words, the plaintiff was required to show, not only that the deceased exercised the proper and reasonable caution and prudence required of her by law, but that, notwithstanding such caution and prudence was exercised, the carelessness of the agents of the defendant was of such a nature as alone caused the accident.   The law is well established that in actions for injuries resulting in death, the burden of proof is on the plaintiff to show, that the party injured in no wise contributed by neglect or want of care to the calamity complained.   *State, use of Coughlan v. B. & O. R. R. Co.* 24 Md. 105; *Lane v. Crombie,* 12 Pick. 178; *Witherly v. Canal Co.* 104 E. C. L. 1.

The law puts upon the plaintiff the burden of proof, not only to show that the defendant was guilty of such negligence as caused the injury, but also to establish the proposition that *she* was without negligence.   *Spencer v. R. R. Co.* 5 Barb. 338; *Hartfield v. Roper,* 21 Wend. 615; *Wild v. R. R. Co.* 24 N. Y. 430; *Suydam v. R. R. Co.* 41 Barb. 377; *R. R. Co. v. Lowdermilk,* 15 Ind. 120; *R. R. Co. v. Gullett,* 15 Ind. 487.

In *Mangam v. R. R. Co.* 36 Barb. 237, the court said, " no matter how gross or evident the negligence of the driver of a vehicle, if another, by his own negligence expose himself to injury from the vehicle, he has no remedy."

*Joseph L. Brent* and *C. D. McFarland,* for the appellee:

The Article of the Code under which this action was brought, provides that for the " wrongful act, neglect or default " of a corporation, it shall be liable for injuries inflicted.   The de-

fendant's second prayer was properly rejected, \*because **464** it is the province of the Judge to inform the jury of the *degree* of diligence, or care or skill which the law demands of a party, and what duty it devolves on him, and the jury are to find whether that duty has been performed. *Hunter v. Caldwell,* 11 Jurist, 770; *Burton v. Griffiths,* 11 M. & W. 817.

Stewart, J., delivered the opinion of the court.

The defendant in this case complains of the refusal of the court below to allow its second and third prayers. The second prayer required the court to instruct the jury that, if they believed the facts therein stated, there was such want of ordinary care as to prevent a recovery in the action. It was especially the duty of the jury under the facts and circumstances of this case, to weigh, consider, and determine such matter, and the court could not have granted the prayer without encroaching upon their province, and it was properly refused.

The third prayer was objectionable, because it required a greater amount of proof on the part of the plaintiff than was necessary, to wit: " That the defendant or its agents were so *grossly careless* as that the exercise of proper caution on the part of the wife of the plaintiff's *cestui que use,* would not have protected her from injury." Proof of *negligence* or want of *ordinary care* on the part of the defendant or its agents was sufficient. The Code of Pub. Gen. Laws, Art. 65, sec. 1, which authorizes such action as this, makes persons and corporations responsible for " wrongful acts, *neglect* or *default,"* and all corporations responsible for the " wrongful acts, *neglect,* or *default* of all agents employed by them." Persons and corporations are accountable for all damage occasioned by *any neglect* where the other party is not in fault, or has not contributed to his own injury.

We discover no error of the court below in refusing these prayers.

*Judgment affirmed.*